**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE RAMON HERRERA,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No. 23-406<br><br>Agency No.<br>A088-967-245<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Jose Ramon Herrera, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Id*. We deny the petition for review.

The record does not compel the conclusion that Herrera established changed or extraordinary circumstances to excuse the untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4)-(5) (changed and extraordinary circumstances); *Alquijay v. Garland*, 40 F.4th 1099, 1103 (9th Cir. 2022) ("As a general rule, ignorance of the law is no excuse" (citation and internal quotation marks omitted)). Thus, Herrera's asylum claim fails.

We do not disturb the agency's determination that Herrera failed to establish he suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's denial of withholding of removal because Herrera

failed to show a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Substantial evidence also supports the agency's denial of CAT protection because Herrera failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Nicaragua. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**